In the Matter of the Claim of DENNIS E. HYNES, Respondent, against THE PULLMAN COMPANY, Appellant. STATE INDUSTRIAL COMMISSION, Respondent. ·

**Workmen's Compensation Law — insufficient notice of injury — finding of industrial commission that employer was not prejudiced by failure to give notice — such finding reversed because facts do not support conclusion.**

On May 5, 1916, claimant wounded his finger with a tack while engaged as a car cleaner. He continued his work until May eleventh. He reported to his employer in good faith that he had rheumatism but did not give written notice (Workmen's Comp. Law, ch. 67, § 18) of the accident until July twenty-eighth. The state industrial commission found that the employer was not prejudiced by the failure to give notice for the reason that there was no one present when the accident occurred and, therefore, the employer could obtain no affirmance nor denial of the fact of the accident, and for the further reason that as soon as evidence of infection appeared the claimant was under the care and attention of a duly authorized medical practitioner. *Held*, that the facts found by the commission do not support the conclusion of law. (*Matter of Bloomfield* v. *November*, 223 N. Y. 265, followed.)

*Matter of Hynes* v. *Pullman Co.*, 179 App. Div. 966, reversed.

(Argued February 26, 1918; decided April 30, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 2, 1917, unanimously affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*John Godfrey Saxe* and *Edwin D. Worcester* for appellant. The record presents a question of law which has survived the unanimous affirmance. (*Matter of Glatzl* v. *Stumpp,* 220 N. Y. 71; *Matter of Ziegler* v. *Cassidy's Sons,* 220 N. Y. 98; *Matter of Bowne* v. *Bowne Co.,* 221 N. Y. 28.) There cannot be a verdict based on inferences from inferences. One presumption cannot be built upon another. (*Looney* v. *Metropolitan Railroad Co.,* 200 U. S. 480; *Smith* v. *Pennsylvania Railroad,* 239 Fed. Rep. 103.) The alleged " conclusions of fact " themselves present a question of law as to whether they sustain the award and that question of law must be decided in favor of the Pullman Company. (*Jacobson* v. *Brooklyn Lumber Co.,* 184 N. Y. 152; *Poole* v. *Brunswick-Collender Co.,* 216 N. Y. 310; *Matter of Glatzl* v. *Stumpp,* 220 N. Y. 71; *Matter of Ziegler* v. *Cassidy's Sons,* 220 N. Y. 98; *Matter of Bowne* v. *Bowne Co.,* 221 N. Y. 28; *Matter of Bloomfield* v. *November,* 219 N. Y. 374; *Matter of Prokopiak* v. *Buffalo Gas Co.,* 176 App. Div. 128; *Matter of Dorb* v. *Stearns & Co.,* 180 App. Div. 138.)

*Merton E. Lewis,* Attorney-General (*E. C. Aiken* of counsel), for respondent. The question of excusing notice is peculiarly a question of fact and in the discretion of the state industrial commission, and when that commission has excused notice, as in this case, it is incumbent upon the appellant to point out some evidence in the record showing that the defendant has been prejudiced by the delay in the giving of the notice. The presumption is, under section 21, that, in the absence

of substantial evidence to the contrary, not only that the claim comes within the provisions of this chapter, but that sufficient notice thereof was given. (*Hayward* v. *Westleigh Colliery Co.*, 8 B. W. C. C. 278; *Burvill* v. *Vickers*, 9 B. W. C. C. 50; *Eydmann* v. *Premier Accumulator Co.*, 9 B. W. C. C. 384; *Duffy* v. *Town of Brookline*, 115 N. E. Rep. 248.)

ANDREWS, J. On May 5, 1916, Dennis E. Hynes wounded his finger with a tack while engaged as a car cleaner. He continued his work until May 11. By that time his finger and arm had become infected, but he reported to his employer in good faith that he had rheumatism. He later underwent several operations. He did not give written notice of the accident until July 28th.

Under these circumstances the commission finds that the employer was not prejudiced by the failure to give notice " for the reason that there was no one present when the accident occurred and, therefore, the employer could obtain no affirmance nor denial of the fact of the accident, and for the further reason that as soon as evidence of infection appeared, Hynes was under the care and attention of a duly authorized medical practitioner."

This court has already said that the written notice required by section 18 of the Workmen's Compensation Law (Cons. Laws, ch. 67) is not a mere formality to be dispensed with as a matter of course. The act is definite as to the powers of the commission. It may make no award in the absence of the notice unless for some reason it could not have been given, or unless the employer has not been prejudiced by the failure to give it. The burden rests upon the claimant who has been guilty of the default to show the facts and secure a finding that entitles him to an award. (*Matter of Bloomfield* v. *November*, 223 N. Y. 265.)

Where, as here, the notice might have been given and is not, the ultimate fact upon which the award must rest is that the employer is not prejudiced. If such a general finding, supported by any evidence, is made, doubtless all the appellate courts are bound by it. The commission has a large and undefined discretion. This, the legislature intended to confer upon it. We may not assume that it will abuse its power. Unless it is honestly satisfied, after weighing all the probabilities, that no prejudice has been suffered, its duty will be to uphold the statutory bar.

If such a finding is made and is unanimously affirmed by the Appellate Division, the question as to whether it is supported by any evidence is not before this court. But no such finding has been made in the case before us. The facts are given upon which the ultimate conclusion is made to rest. Whether these facts support the conclusion is a question of law.

We do not think that they do. For more than two months the employer was not warned of the alleged accident or its alleged results. For that time he was deprived of the opportunity of investigating the claimant's story and of determining for himself the sequence of events, and whether the septicaemia from which the claimant suffered did, in truth, result from the scratch.

The logic of the commission seems to be as follows: Because the claimant tells the truth as to his accident; because no one was present to contradict him; because later blood poisoning developed and developed as a result of the injury; because a licensed physician attended him who was presumably competent, no investigation could have been useful to the employer. This is reasoning in a circle. Notice and consequent chance of investigation is given for the very purpose of enabling the employer to test the good faith of the claimant. Without it no contradiction is possible. If many are present at

the time of the alleged accident; if their stories agree; if there is no doubt of the injury and its results, there may be a basis of the finding that lack of notice did no harm. But assume that the injury was so slight as not to cause attention at the time; that no physician was called for eleven days; that the accident is remembered only after the lapse of six or perhaps thirteen days; that blood poisoning may result from any slight prick, any scratch, any bite of an insect, then the absence of witnesses would seem to require rather than to excuse notice.

The order of the Appellate Division and the award of the commission should be reversed, and as all the facts were before the commission and were interpreted by it so as not to admit a recovery, the claim should be dismissed, with costs in all courts against the industrial commission.

POUND, J. (dissenting). The unanimous affirmance of the finding of the industrial commission that the employer was not prejudiced by the failure of the employee to give notice of injury is final. No question of law survives.

" A speculative and insubstantial suggestion of prejudice," as Lord SUMNER says in the *Hayward Case* ([1915] A. C. 540, 547–8) is not enough. It is not open to this court to conjecture that the employer, with notice, might have done something which would have changed the result. Prejudice means disadvantage. How and why did disadvantage arise in this case? Would other inquiries or other treatment have been to the employer's advantage? Looking at all the matters before it, the commission answers this question in the negative and finds that the employer is no worse off than it would have been with notice. The judgment appealed from should be affirmed.

HISCOCK, Ch. J., CHASE, COLLIN and CUDDEBACK, JJ., concur with ANDREWS, J.; POUND, J., reads dissenting opinion, and CARDOZO, J., concurs.

Order reversed, etc.