In the Matter of the Claim of CHARLES COMBES and of MARIA E. COMBES, Respondents, against HENRY GEIBEL et al., Appellants.

THE STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — notice of injury required by statute — when finding by industrial commission that neither insurance carrier nor employer were prejudiced by failure to give notice cannot be sustained.**

In this proceeding no notice of injury was given the employer by the person injured nor did his widow give notice of his death, which is claimed to have occurred as the result of his injuries (Cons. Laws,

ch. 67, § 18).. No reason was given on the hearing why notices could not have been given and no pretense was made of obeying the statute. *Held*, on examination of the facts, that there was no evidence to sustain the finding by the industrial commission that neither. the insurance carrier nor the employer was prejudiced by the failure to give the notice required. (*Matter of Bloomfield* v. *November*, 219 N. Y. 374, followed.)

*Matter of Combes* v. *Geibel*, 187 App. Div. 912. reversed.

(Argued April 8, 1919; decided April 29, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 15, 1919, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Charles E. Scribner* and *Allan R. Campbell* for appellants. The failure to give any notice of the injury destroyed all fair chance to investigate the serious and difficult questions of fact and is a bar to any claim. (*Matter of Bloomfield* v. *November*, 219 N. Y. 374; 223 N. Y. 265; *Matter of Hynes* v. *Pullman Co.*, 223 N. Y. 342.)

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondents.

CHASE, J. The industrial commission found that, " On or about December 13, 1916, the day when Charles Combes sustained his injury he  *  *  *  was employed as a stableman in the livery and boarding stable, operated by the employer."

Also that, " Charles Combes in connection with the duties of his employment was rolling out certain cans containing manure and while so doing he accidentally slipped on the ice and snow on the sidewalk, and one of these cans fell upon him and crushed his left hand on to the sidewalk. As the result of this crushing, an infection set in which necessitated the amputation of three fingers."

Also that, " At the time of the said injury Charles Combes was sixty-five years of age and was then suffering an acute dilatation of the heart. The injury which he sustained on or about December 13, 1916, and the consequent infection and amputation of the fingers lowered the vitality of the claimant and caused the aggravation and lighting up of other conditions which he suffered as the result of which he died on February 3, 1917, of chronic interstitial nephritis and the complicating condition which generally accompanies this condition, namely, pulmonary oedema. The disability and death of Charles Combes were therefore caused by said accidental injury."

And also, " Written notice of the injury to the claimant and of his death was not given to the employer respectively, within ten days after disability and thirty days after his death, but neither the insurance carrier nor the employer was prejudiced by such failure."

The findings were made as a part of the decision and two awards based thereon, one upon a claim for compensation for disability filed by the employee January 25, 1917, and the other upon a further claim for death benefits under the statute (Workmen's Compensation Law, section 16), filed March 26, 1917, by the employee's surviving wife. The decision of the commission was not unanimous. One of the commissioners dissented. An appeal was taken from the awards to the Appellate Division of the Supreme Court where they were affirmed by a divided vote of the court. (*Matter of Combes* v. *Geibel,* 187 App. Div. 912.)

We will assume, without deciding, that there is some evidence to sustain the findings of an injury to the employee and that his death was caused by such injury. We do not think that there is any evidence to sustain the finding that " neither the insurance carrier nor the employer was prejudiced " by the failure to give the notices required by the statute.

The statute as it existed in 1916 and 1917 provided as follows: " § 18. Notice of Injury.— Notice of an injury for which compensation is payable under this chapter shall be given to the commission and to the employer within ten days after disability, and also in case of the death of the employee resulting from such injury, within thirty days after such death. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf. The notice shall be in writing, * * *. The failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the state fund, insurance company or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this chapter." (Workmen's Compensation Law [Cons. Laws, ch. 67], section 18.)

There was no reason why notices could not have been given in this case. No pretense was made of obeying the statute quoted. Not only did the claimants fail to give the notices as provided by the statute but no written notice of the injury or death was given to any one at any time except the claim dated January 25, 1917, that we have mentioned, and a notice by letter to the employer from the employee's wife saying that her husband had his fingers cut in his place and that " He (the employee) had stated by a notary public that he was hurt," and in which letter she asked the employer to look after compensation. That letter must have been written after January 25, 1917. The employer testified that in response to that letter he went to see the employee and was told by him or by his wife that he hurt his finger on a cam while working in the stable. The employee died the next day.

While the employer knew that the employee had a sore finger he testified without contradiction that he saw the finger when the employee first commenced working for

him either late in November or early in December and that it was then red and swollen and that, to some extent, it incapacitated the employee in his work. There is no evidence of a verbal notice of the injury having been given to the commission or the employer, until after January 25, 1917, and immediately before the employee's death, and no evidence of knowledge, except as stated, on the part of either that the employee claimed to have been injured on December 13, or at any time when employed at the stable.

The findings from which we have quoted, including the statement that neither the insurance carrier nor the employer was prejudiced by the failure to give the notices required by the statute, and the ruling of the commissioners excusing the failure to give such notice " on the ground that such failure did not prejudice the employer or the insurance carrier," are not sustained by any evidence whatever.

This court in *Matter of Bloomfield* v. *November* (219 N. Y. 374, 376) say: " The legislature, however, has deemed it proper and essential under ordinary circumstances that a written notice of disability and claim should be promptly served so as to give an employer the opportunity to investigate the circumstances of the claim. This requirement ought not to be treated as a mere formality or be dispensed with as a matter of course whenever there has been a failure to serve such notice." (*Matter of Bloomfield* v. *November*, 223 N. Y. 265; *Matter of Hynes* v. *Pullman Co.*, 223 N. Y. 342.) The burden rests upon the claimant who has been guilty of the default to excuse the same. (*Matter of Bloomfield* v. *November, supra; Matter of Hynes* v. *Pullman Co., supra.*)

If the employee was injured on December 13, as he claims, by having his finger pinched by one of the cans that he was handling, it was a mere aggravation of a prior injury or inflamed condition of the same finger. He thereafter applied home remedies and continued at his

employment with some intermissions until December 26, when he went to a physician. At that time the physician found that the employee was suffering from heart trouble; that he had Bright's disease "which must have existed some time" and that the finger was in a gangrenous condition and that the infection ran half way up his forearm. Subsequently he amputated first one finger and later two more fingers. The amputations were successful but his other troubles grew worse and he died as stated.

If the notices had been given as required by the statute or even if knowledge of the alleged injury had been obtained in some other way at or about the time it is claimed that the injury occurred, there would have been an opportunity not only for a prompt general investigation of the alleged circumstances of the accident but of the employee's story thereof and there could have been an examination of the injured finger, and such care and attention could have been given to it as to have prevented infection or if infection was not so prevented, then the facts relating to it could have been obtained from which it could have been better determined whether the infection was the result of causes other than the alleged injury. There can be no reasonable doubt that without the statutory notices or proof of knowledge of the injury and claim, the employer and insurance carrier were prejudiced.

The order of the Appellate Division should be reversed and the awards of the industrial commission annulled, and the claims dismissed, with costs in this court and in the Appellate Division payable by the industrial commission.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.