JOHN W. DORNEY'S (dependent's) CASE.

Middlesex.    January 13, 1927.— May 18, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Notice. *Evidence*, Presumptions and burden of proof, Matter of conjecture. *Notice.*

At the hearing of a claim under the workmen's compensation act by the widow of an employee, a finding, that the employee's death was caused

by septic infection which resulted from his getting a splinter in his finger in the course of and arising out of his employment, was warranted by evidence that, on his return from work on a certain day, the employee stated to his wife that he had got a splinter in his finger while cleaning out a last bin, and that such duty was part of his regular work as janitor for the subscriber; such evidence did not leave to conjecture the cause of the employee's injury but was direct evidence of a happening from one who took part in it.

The statement by the employee to his wife above described could have been found to have been made on January 13. There was evidence of statements by the employee on January 15 and 17 to persons in the employment of the subscriber which, while not direct assertions by him that on or about January 13 he had driven a splinter or sliver into his finger while cleaning a last bin, and that his sufferings were caused thereby, were *held* to have been enough, taken with his statements elsewhere, to support a finding that the subscriber was informed that the employee was suffering from a physical ailment which he believed to be due to something that had happened in the course of his employment, and which might have been found to be "knowledge of the injury" within G. L. c. 152, § 44.

Where, in a claim under the workmen's compensation act, there is a finding by the Industrial Accident Board that the insurer or the subscriber had knowledge of the injury as soon as practicable after it was received, it is not necessary, in order to bring the case within G. L. c. 152, § 44, that a finding also be made that the insurer was not prejudiced by a lack of strict written notice.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting findings and a decision by a single member that the death of John W. Dorney, an employee of Hood Rubber Company, was caused by a septic infection which "resulted from his getting a splinter in his finger in the course of and arising out of his employment," and that compensation should be paid to his widow.

In the Superior Court, the case was heard by *Lummus*, J. Material facts are stated in the opinion. By order of the judge, a decree was entered in accordance with the decision by the Industrial Accident Board. The insurer appealed.

*H. C. Haskell*, for the insurer.

*M. F. Shaw*, for the claimant.

WAIT, J. The insurer appeals from a decree awarding compensation to the claimant. It admits that findings of fact made by the Industrial Accident Board will not be

disturbed if there is any evidence to support them, *Herrick's Case*, 217 Mass. 111; but it contends that here there is nothing but conjecture to support the findings that the injury arose in the course of and out of the employment, and that the employer had such knowledge of the injury that want of formal notice in writing in strict compliance with the provision of G. L. c. 152, §§ 41–43, did not bar the proceeding.

These contentions are not well founded. It is unnecessary to review all the evidence, for there was testimony that Dorney, the employee, on his return from work on a day that could have been found to be January 13, 1925, stated to his wife that he had got a sliver in his finger while cleaning out a last bin, which was part of his regular work as janitor for the subscriber, the insured. This is more than conjecture; it is direct evidence of a happening from one who took part in it.

There was evidence that Dorney went to the hospital of the subscriber for treatment and his hand was dressed by Miss LeBlanc, the nurse employed there, January 14, 1925; that on January 15 he spoke of his injured hand to one Ross, employed by the subscriber as supervisor of sanitation, to one McManus, a time-keeper in the sanitation department, whose duty it was to make report of accidents, and to Miss Ellis, a nurse in the department; that on January 17, one Horan, manager of the department of hygiene and sanitation for the subscriber and also general manager in Watertown for the insurer, saw Dorney at the hospital and talked with him about the finger. All these, except Miss Ellis, were heard as witnesses. Miss LeBlanc testified that Dorney said he thought he got something in his hand but was not definite. He said, as she remembered it, something about a sliver in his finger, that "he thought he did but was not sure," that "a few days before he thought he got a splinter in it." She saw an abrasion, but did not find anything in the hand. She thought he told her that a few days before he had got something out of the hand himself. Ross testified that he noticed Dorney's bandaged hand early on the fifteenth, and sent him to the hospital again. Dorney told him he thought he got

a sliver in his finger. McManus testified that about the middle of January he saw Dorney in the hospital, whither he was called as they were going to send Dorney home. He asked Dorney what happened and was told by him "that he thinks he got a sliver in his hand." Dorney said he did not get it out; and the nurse, Miss Ellis, in Dorney's presence, said she did not treat it. McManus asked the questions for the purpose of making a report such as he makes "in accidents of this sort." He made out a written report, but could not give the date. The subscriber, on January 19, filed with the board a report, dated January 17, which stated: "Employee believes he had a splinter in finger some time last week, but is uncertain." Horan testified that on January 15 he knew Dorney had been treated at the hospital the preceding day, and that in the afternoon he sent to have Dorney taken to the Charlesgate Hospital. He made inquiry and learned from an accident report that Dorney thought he had a sliver in his finger. On January 17 he saw Dorney at the Charlesgate Hospital for about two minutes, quite ill, and was told by him that his hand was sore, and in answer to inquiry as to how it happened, was told that he thought he had a splinter in his finger. Horan made out the report on his return from the hospital and filed it with the board on that day.

Although none of these witnesses testified to a direct assertion by Dorney that on or about January 13 he had driven a splinter or sliver into his finger while cleaning a last bin, and that his sufferings were caused thereby, there is enough here, taken with Dorney's statements elsewhere, to support a finding that the insured was informed that the employee was suffering from a physical ailment which he believed to be due to something that had happened in the course of his employment. Such information may be found to be "knowledge of the injury" within G. L. c. 152, § 44. *Walkden's Case*, 237 Mass. 115, and cases cited. *Lapan's Case*, 237 Mass. 340. *Bergeron's Case*, 243 Mass. 366.

The testimony of the doctors did not require, as matter of law, a finding that the infection, from which it is admitted Dorney died, came from his sore throat and not from a scratched finger.

The board made no finding that the insurer was not prejudiced by lack of strict written notice.    There was no occasion to find lack of prejudice to the insurer where it found knowledge of the injury by either insurer or subscriber, received as soon as practicable after the accident.    In G. L. c. 152, § 44, knowledge of injury by either insurer, insured or agent, and no prejudice to the insurer from want of notice, are alternatives.    The presence of either prevents want of notice from barring the claim.    *Sullivan's Case*, 241 Mass. 36.

*Decree affirmed.*