## MORRIS MOVITZ'S CASE.

Suffolk.    January 9, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Notice.

The record before this court on an appeal from a final decree of the
Superior Court awarding compensation to a claimant in proceedings
under the workmen's compensation act showed that the claimant
before a single member of the Industrial Accident Board had testified
that he was employed in operating a baling machine for his employer;
that he "started the motor up and fixed the bale to press it down, and
went down to the cellar, and when he did the bar on one of the rolls,
which he did not notice, struck his kneecap and he landed on the floor.
It was dark." He was subjected to extended cross-examination.
There were in evidence photographs of the machine and its immediate
surroundings, and a witness, called by the insurer, testified respecting a
talk he had had with the claimant and measurements and observations
he had made as to the machine. The insurer argued that the claimant
had not sustained the burden of proving that he had received an injury
in the course of and arising out of his employment because it was a
physical impossibility for the accident to have happened in any way
he had testified that it did. The findings were affirmed and adopted
by the board. *Held*, that there was some evidence establishing the
claimant's contention, and that the conclusion of the Industrial Acci-
dent Board should not be disturbed.

At the hearing of a claim under the workmen's compensation act, it
appeared that the claimant had not given the notice in writing required
by G. L. c. 152, §§ 41–43; that the claimant did not feel much pain
until the day following the accident and did not leave work until the
third day thereafter; that he was taken to a hospital eleven days after
the accident, and that on that day his physician told the employer
that the employee had been hurt and he was taking him to the hospital
for an operation, of the time the accident happened "and everything
else." The Industrial Accident Board found that the insurer was not
prejudiced by the failure to give notice in writing, because of the
information given the employer. *Held*, that the findings were war-
ranted, and that under § 44 of the statute the claim was not barred
by the failure to give the notice in writing.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the
Industrial Accident Board awarding compensation to the

claimant for personal injuries received by him when employed by Middlesex Paper Tube Company.

Material facts appearing in the record are stated in the opinion. Testimony by the employee in direct examination before the single member of the board was, in substance, as follows: "He started the motor up and fixed the bale to press it down, and went down to the cellar, and when he did the bar on one of the rolls, which he did not notice, struck his kneecap and he landed on the floor. It was dark. . . . He fell down after the bar struck him, and he rubbed his knee and leg, the pain disappeared, and he went on with his work. No one saw the accident." Photographs of the baling machine and immediate surroundings were put in evidence, and the employee was subjected to an extended cross-examination. The insurer, relying upon the exhibits and the testimony of the employee in direct, cross and redirect examinations, and upon testimony of one Collingham, called by the insurer, respecting a talk he had had with the employee and measurements and observations he had made as to the machine, contended in this court that the employee had not sustained the burden of proving that he had received an injury in the course of and arising out of his employment because it was a physical impossibility for the accident to have happened in any way he had thought that it did.

The Industrial Accident Board, on review, affirmed and adopted the findings of the single member. In the Superior Court, the case was heard by *Weed*, J., by whose order a final decree was entered awarding compensation. The insurer appealed.

*E. E. Andrews*, for the insurer.

*L. Meltzer*, for the claimant.

CARROLL, J. In this proceeding under the workmen's compensation act the employee was awarded compensation. From a decree of the Superior Court in his favor the insurer appealed.

The employee testified that he was injured on October 10, 1927, while operating a baling machine; that as he started the motor, a bar on one of the rolls struck his kneecap throwing him to the floor. The evidence was contradictory. Although the printed record discloses many circumstances

that would justify a finding against the employee, we cannot say there was no evidence to support the conclusion of the Industrial Accident Board that the employee's injury arose out of and in the course of his employment. There was some evidence tending to establish this contention and we do not think the finding should be disturbed.

The employee testified that he did not feel much pain until the day following the accident and did not leave his work until October 13. One of the partners of the Middlesex Paper Tube Company, the employers, testified that he talked with the employee on the day he was taken to the hospital and the employee told him he had been hurt. The physician of the injured employee testified that he took him to the hospital on October 21; that on this date he talked with one of the injured man's employers and told him the employee had been hurt and he was taking him to the hospital for an operation; that he told the employer of the time the accident happened "and everything else." The single member and the Industrial Accident Board found that the insurer had information amounting to knowledge eleven days after the employee was injured; that the insurer was not prejudiced by the failure to give notice in writing, because of the information given the employer.

Failure to give the written notice is not a bar to recovery if it is found that the insurer or the insured had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice. G. L. c. 152, § 44. It appeared that one of the partners by whom the claimant was employed made some investigation when he learned of the accident, and the testimony of the doctor showed that the insured had knowledge of the injury. It was also found that the insurer was not prejudiced by the lack of notice. We think this finding was justified, and that the employee should not be deprived of compensation because he failed to give the written notice. *Gerald's Case*, 247 Mass. 229. *Dorney's Case*, 259 Mass. 350.

*Decree affirmed.*