JENNIE A. KANGAS'S CASE.

Worcester.    December 8, 1932. — February 20, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, Notice.  *Evidence*, Presumptions and burden of proof.

A woman employed in a mill received an injury from overexertion, which, because of her tubercular condition, produced immediately a hemorrhage from the lungs.   She did not give the notice in writing required by G. L. (Ter. Ed.) c. 152, § 41, and made no claim under the workmen's compensation act for four years and eleven months. At the hearing of a claim then presented, there was evidence that after the claimant had begun to bleed profusely, one called the "second boss" came to where she was and advised that she be taken home; that she did not try to return to work for a month or more; and that when she went back to the same employer to obtain work she was not given employment.   Upon certification to the Superior Court of a · decision by the Industrial Accident Board awarding compensation, a final decree was entered dismissing the claim, the judge stating that he was "unable to find any evidence warranting a

finding that notice was given, that the 'insurer, insured or agent had knowledge of the injury' within the meaning of the workmen's compensation act, or 'that the insurer was not prejudiced by want of such notice.'" Upon an appeal by the employee, it was *held*, that

(1) Even if the "second boss's" knowledge could be found to be that of the insured, the evidence went no further than to warrant a finding that he had knowledge of a hemorrhage, a common incident of the claimant's disease, and not of an "injury" within the meaning of the workmen's compensation act;

(2) The burden of proof was on the claimant to show that the insurer was not prejudiced by the want of notice;

(3) The evidence did not warrant a finding that no prejudice to the insurer resulted from the failure to give due notice of the alleged injury: a delay of nearly five years, such as was shown in the evidence, ordinarily would result in prejudice;

(4) The claim properly was dismissed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Jennie A. Kangas for an injury received on June 20, 1925, as described in the opinion.

It appeared that the claimant did not give the notice in writing required by G. L. (Ter. Ed.) c. 152, § 41, and did not make a claim under the act until May 26, 1930. The single member of the board found "that the employer had knowledge of this injury through Thompson, who exercised powers of superintendence and that the insurer was not prejudiced by reason of the employee's failure to give written notice," and "that the insurer was not prejudiced by the late filing of claim in view of all the evidence and in view of this decision." The board affirmed and adopted the findings and decision of the single member and awarded compensation. Other material facts and evidence certified to the Superior Court are described in the opinion.

In the Superior Court, *Whiting*, J., stated that he was "unable to find any evidence warranting a finding that notice was given, that the 'insurer, insured or agent had knowledge of the injury' within the meaning of the workmen's compensation act, or 'that the insurer was not prejudiced by want of such notice,'" and by his order a final decree was entered dismissing the claim. The employee appealed.

*M. M. Taylor*, for the claimant.

*G. F. Garrity & H. B. White*, for the insurer, submitted a brief.

LUMMUS, J.   The claimant, on June 20, 1925, received an injury from overexertion in turning an overhead wheel, which, because of her tubercular condition, produced immediately a hemorrhage from the lungs.   See *Langford's Case*, 278 Mass. 461, 463.   The Industrial Accident Board awarded compensation, but the Superior Court dismissed the claim on the ground that no written notice of the injury was given "to the insurer or insured as soon as practicable after the happening thereof" (G. L. [Ter. Ed.] c. 152, §§ 41, 44), and there was no affirmative evidence to warrant a finding "that the insurer, insured or agent had knowledge of the injury" within the time allowed for giving such written notice (*Walkden's Case*, 237 Mass. 115), or a finding that "the insurer was not prejudiced by such want of notice," either of which would have enabled the proceedings to be maintained notwithstanding the failure to give written notice.   G. L. (Ter. Ed.) c. 152, § 44.   *Dorney's Case*, 259 Mass. 350.   *Movitz's Case*, 266 Mass. 153.   A somewhat similar provision as to the failure seasonably to file a claim for compensation is found in G. L. (Ter. Ed.) c. 152, § 49.

The only evidence tending to dispense with written notice consisted of testimony that after the claimant had turned her wheel and stopped her loom, and had begun to bleed profusely, one Thompson, the "second boss," came to the water faucet where she was and advised that she be taken home; and that she did not try to return to work for a month or more, and when she went back to the same employer to obtain work she was not given employment.

Even if Thompson's knowledge could be found to be that of the insured (*Walkden's Case*, 237 Mass. 115, 117; *Bergeron's Case*, 243 Mass. 366), he had knowledge only of a hemorrhage, a common incident of the claimant's disease, and not of an "injury" within the workmen's compensation act.   *Bloomfield* v. *November*, 223 N. Y. 265.   *Combes* v. *Geibel*, 226 N. Y. 291.   *Dorney's Case*, 259 Mass. 350, is plainly distinguishable.   The claimant must, therefore,

rest her case upon the ground that the insurer was not prejudiced.

Want of notice of an injury may prejudice an insurer by preventing an investigation of the applicability of the workmen's compensation act, and of the nature and extent of any injury, while the witnesses are still available with memories unfaded and minds uncolored by partisanship. Furthermore, although an employee has a right to be treated by his own physician (G. L. [Ter. Ed.] c. 152, § 30), provisions for medical examination (G. L. [Ter. Ed.] c. 152, § 45), and medical treatment (G. L. [Ter. Ed.] c. 152, § 30), by the insurer remain in the statute, and want of notice may prejudice the insurer by preventing prompt diagnosis and treatment, and consequent speedy and perfect recovery, where the employee is not in fact receiving proper treatment. *Burvill* v. *Vickers, Ltd.* [1916] 1 K. B. 180, 188. *Combes* v. *Geibel,* 226 N. Y. 291. The question is whether the Superior Court was right in ruling that there was no evidence that "the insurer was not prejudiced by such want of notice."

The burden of proof, as the statute plainly indicates, is on the claimant to show that the insurer was not prejudiced by the want of notice. *Johnson's Case,* 279 Mass. 481. *Gaffer's Case,* 279 Mass. 566. For a collection of authorities, see note in 78 Am. L. R. 1269–1280, 1284. In *Eydmann* v. *Premier Accumulator Co. Ltd.* 114 L. T. Rep. 1065, 1067, Lord Loreburn said, "When an issue arises as to whether the employer was prejudiced or was not prejudiced by want of notice, it is just like any other issue of fact . . . the applicant has to prove his case, as everyone has to prove his case who brings it forward in a court of justice; but he is not required to exhaust the possibilities of prejudice and displace them; nor is he bound to demonstrate the negative." The circumstances, without evidence directed to disproving particular forms of prejudice, may of themselves warrant an inference by the Industrial Accident Board of want of prejudice; but there is no presumption requiring such inference in the absence of affirmative evi-

dence of prejudice. Where the statute plainly puts the burden of proof on the claimant, it would be unusual to create by judicial ruling a general presumption in her favor.

In cases in which the insurer, or the employer and through him presumptively the insurer, had informal notice of the injury at an early date, a finding of want of prejudice has been supported. *Sullivan's Case*, 241 Mass. 36. *Gerald's Case*, 247 Mass. 229. *Movitz's Case*, 266 Mass. 153. *Tingus's Case*, 273 Mass. 453. *Johnson's Case*, 279 Mass. 481. *Gaffer's Case*, 279 Mass. 566. Similar rulings have been made under G. L. (Ter. Ed.) c. 84, § 18, relating to inaccurate notices of highway accidents, where, however, the word "misled" is used, instead of "prejudiced." *Hughes* v. *Lawrence*, 160 Mass. 474, 479, 482, 483. *Wilkey* v. *Cetlin*, 252 Mass. 152. *Sheehan* v. *Lynn*, 269 Mass. 571. *Crowell* v. *Malden*, 273 Mass. 456. Even where the existence of prejudice is strongly urged, if the facts are so clear that prompt notice and investigation could not have unearthed anything more favorable to the insurer, prejudice by delaying or hampering investigation is negatived (*Howarth* v. *Clifton & Kersley Coal Co. Ltd.* 89 L. J. K. B. (N. S.) 1249); but caution must be used in applying this rule, for it is often hard to say, long after the event, that a prompt investigation would not have revealed anything of value. *Combes* v. *Geibel*, 226 N. Y. 291. *White* v. *Leicestershire Colliery & Pipe Co.* 101 L. J. K. B. (N. S.) 617. Where the prejudice suggested lies in the loss of opportunity to furnish proper medical treatment, it may be negatived by evidence that proper medical treatment was had by the claimant, or that no medical treatment could have been of service. *Gaffer's Case*, 279 Mass. 566. *De Felippo's Case*, 245 Mass. 308.

In the present case it cannot be said that the natural inference from the testimony is that no prejudice to the insurer resulted from the failure to give due notice of the alleged injury. The delay for nearly five years in this case ordinarily would result in prejudice. *Gaffer's Case*, 279 Mass. 566. The fact that hemorrhage, the only visible

indication of the alleged injury, is also a common incident
of the disease from which the claimant was suffering, marks
this as a case in which speedy investigation was particu-
larly important in order to determine the reality and effect
of the alleged injury. · Upon the evidence, a finding of want
of prejudice could not properly have been made.

*Decree affirmed.*