### WILLIAM HENRY BOOTH'S CASE.

Suffolk.    December 6, 1934. — January 29, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Filing of claim.    *Evidence,* Presumptions and burden of proof.

In proceedings under the workmen's compensation act, in which the claim for compensation was not filed until about nineteen months after the alleged injury, there was evidence that, while at work lifting a heavy object, the employee felt a severe pain in his left groin and back; that about a week later he was examined by a physician with respect to ailments other than hernia; that he then was informed that he had a hernia and was advised to have treatment for it; that some weeks later he went to a hospital, where a diagnosis of double hernia was made and an operation therefor was performed; that an operation

for a left inguinal hernia had been performed on him by the physician about fourteen years previously; and that the foreman of the employer had oral notice of the alleged injury within two weeks after its occurrence. The physician testified that lifting the heavy object caused a recurrence of the hernia on the left side, but that he was unable to say what the cause of the hernia on the right side was. *Held*, that a finding was not warranted that the failure to file the claim within six months was caused by mistake or other reasonable cause, nor was a finding warranted that the insurer was not prejudiced by the delay.

In proceedings under the workmen's compensation act, the burden of proving that a failure to file a claim for compensation within six months after the injury was occasioned by mistake or other reasonable cause or that the insurer was not prejudiced by the delay rests upon the claimant.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence is stated in the opinion. By order of *Williams*, J., a decree dismissing the claim was entered. The employee appealed.

*J. D. Sullivan*, for the claimant.

*M. A. Sullivan*, for the insurer.

RUGG, C.J. This is a proceeding under the workmen's compensation act. It was based on an injury alleged to have been received by the employee while working for the insured at its works in Adams on April 8, 1932. The claim was filed on November 9, 1933. The testimony of the employee was that while lifting a heavy copper roll he felt a "severe pain shoot through his left groin and into his back." He sat down and waited three quarters of an hour until the end of that working day. The shop shut down at that time for one or two weeks. A doctor was called on that day who "did not seem to know what the trouble was." A week later the employee went to Lowell to see his family physician, by whom he was advised to consult a Dr. Gardiner. By direction of Dr. Gardiner he was taken to a hospital, where he remained until April 27, 1932; he returned on June 7, 1932, and the next day an operation was performed on him; he was discharged from the hospital in about three weeks. Dr. Gardiner testified that in June, 1918, he operated on the employee for a left

inguinal hernia and his condition then was satisfactory, and that he saw the employee again on April 16, 1932, for another condition than hernia.  Further testimony of Dr. Gardiner as reported in the record is this: "At that time he complained of pain over the left hip and this later shifted to his right hip.  He became distended.  He had periods of constipation alternating with diarrhea.  He was brought to the hospital for observation.  The doctor suspected a malignant condition of the colon but X-rays did not reveal it but there was a diverticula of the colon — many small pockets projecting from the lumen.  There was also a deep shadow in the lower end of the uretera. A cystoscopic examination was made which showed the prostate slightly enlarged.  The ureteral openings were found 'and catheterized.  X-rays were then taken which showed that the dense shadow seen previously had disappeared.  He also had some little swelling in the ureter which was thought to be due to some slight gravel in the ureter which apparently later cleared.  At that time he had a hernia and he was advised to come back later for treatment.  He had one on the left which was a recurrent hernia of the one he had in 1918 and he also had a new hernia on the right.  When the doctor first saw him there was not much history as to when they occurred.  The doctor saw him with Dr. Boyle at his home.  He was called because of the possibility of some intestinal obstruction.  The man returned to the hospital on June 7, 1932. At that time a diagnosis was made of double sliding direct inguinal hernia — left side recurrent.  There was a fascia graft made in both inguinal regions because the condition was liable to recur."  In answer to a hypothetical question Dr. Gardiner testified that lifting a copper roll might cause a recurrence of the old hernia on the left side but he was unable to say what effect it had on the right side or what was the cause of the right hernia.  He would not expect a recurrence of the left hernia after 1918 without some exciting cause such as lifting or coughing.  Dr. Gardiner testified that he got no history as to what brought on the condition and that the history at the hospital was that prior to

admission the patient had a severe cold lasting two weeks, that for the past week he had been markedly constipated, that he had pain on the left side and this later shifted to his right hip. There was testimony that an oral notice was given within two weeks after April 8, 1932, to the foreman of the insured that the employee claimed that he had been injured.

No notice in writing of the injury was given as required by G. L. (Ter. Ed.) c. 152, §§ 41, 42. Notice came to the insurer about seven months after April 8, 1932. No claim for compensation was made until more than nineteen months after April 8, 1932, although by G. L. (Ter. Ed.) c. 152, § 41, it ought to have been presented within six months after the injury. It is provided by G. L. (Ter. Ed.) c. 152, § 49, that "Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay." There is no evidence in this record to support a finding that failure to file the claim by the employee was caused by mistake or other reasonable cause. No excuse for the failure is shown. Ignorance of the law is no justification. *Fells's Case*, 226 Mass. 380. *McLean's Case*, 223 Mass. 342. There is no evidence to warrant a finding that the insurer was not prejudiced by failure to file the claim. On the contrary the circumstances and the medical testimony indicate that the insurer was entitled to as early opportunity as practicable for examination of the employee. The burden of proof in this particular was on the employee. There was failure to sustain that burden. *Kangas's Case*, 282 Mass. 155. *McGowan's Case*, 288 Mass. 441. *Combes* v. *Geibel*, 226 N. Y. 291. *Hancock* v. *British Westinghouse Electric Co.* 3 B. W. C. C. 210. *Ungar* v. *Howell*, 7 B. W. C. C. 36. *Northeast Coal Co.* v. *Castle*, 202 Ky. 505. See *Burvill* v. *Vickers, Ltd.* [1916] 1 K. B. 180. The case is distinguishable from *Coakley's Case*, *ante*, 312, *Johnson's Case*, 279 Mass. 481, and *Gaffer's Case*, 279 Mass. 566.

*Decree affirmed.*