ALTON M. HATCH'S (dependent's) CASE.

Suffolk.    December 10, 1934. — March 27, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Notice.    *Evidence,* Presumptions and burden of proof.

In proceedings under the workmen's compensation act, the burden of proving that "the insurer, insured or agent had knowledge of the injury" or that "the insurer was not prejudiced by . . . want of notice" of the injury, within the meaning of § 44 of the act, is on the claimant.

A finding, that an employer had knowledge, under § 44 of the workmen's compensation act, of an injury alleged to have been sustained by an employee through overexertion at work which aggravated a previously existing heart trouble, was not warranted where there was evidence that · a fellow worker saw the employee looking ill on the occasion in question and that the employee subsequently told the fellow worker that the work was "too tough" for him, but no evidence that the fellow worker occupied such a position that his knowledge was that of the employer; and there was evidence that the employer's supervisor was not present on the occasion in question and never learned that the employee was or claimed to have been injured while at work.

In proceedings under the workmen's compensation act upon a claim by the dependent of an employee who was alleged to have sustained a personal injury through overexertion at work which aggravated a previously existing heart trouble and caused his death about nine months later, a finding that the insurer was not prejudiced, within the meaning of § 44 of the act, by not receiving notice of the alleged injury until about a year after it occurred was not warranted where there was evidence that the employee recovered from the alleged injury and that his subsequent illness and death were not caused by his work, and it appeared that the insurer did not have a seasonable opportunity of investigating the case and was unable, when it did receive notice, to discover facts, favorable to its defence of the case, which a prompt investigation might well have disclosed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by the board are stated in the opinion. A decree dismissing the claim was entered by order of *Sisk*, J. The claimant appealed.

*D. E. Irwin*, for the claimant.

*W. Doyle & E. W. Sawyer*, for the insurer, submitted a brief.

CROSBY, J. This is an appeal by the claimant, who was the widow and sole dependent of the deceased employee, from a decree of the Superior Court reversing the decision of the Industrial Accident Board which affirmed and adopted the decision of a single member awarding compensation. The single member found that the deceased employee on December 12, 1932, received a personal injury which arose out of and in the course of his employment and that his death ensued as a result thereof on September 4, 1933. It was further found that the insurer was not prejudiced by any delay in giving notice of injury and in filing a claim for compensation. As to each of these findings the Superior Court ruled that there was no evidence to support the burden of proof. The findings and decision of the board are not reversible if there was any evidence to warrant them. *Sanderson's Case*, 224 Mass. 558, 561. *Walsh's Case*, 281 Mass. 228, 231.

At the time of the alleged injury the employee was about seventy-one years of age and had worked as filling station attendant for the employer for about thirteen years. It appeared that the employee had been suffering from a serious heart condition for some time before the injury, and had previously had a cerebral hemorrhage and two slight shocks. Among other duties, the employee was expected to assist in keeping the station clear of snow. There was evidence that on December 12, 1932, he was clearing snow with a "pusher," a kind of work which several medical witnesses testified was dangerous for a person with his heart condition. He felt ill after he finished this work and was forced to rest at frequent intervals during the remainder of his shift and "was just barely able to go home." That afternoon the family physician was summoned. Upon examination he found that the em-

ployee was suffering from an injury to his heart and a rupture of a cerebral artery. The injuries, according to the testimony of this physician, were incurred by over-exertion at work that day which made his heart condition appreciably worse. There also was evidence from the statements of the deceased that his injury occurred at the time he was clearing the station of snow and that it was caused by this work. He was confined to his home under a doctor's care thereafter until September 4, 1933, when he died. There was no entry in the place provided in the death certificate for information as to whether the death was related to the decedent's occupation.

At the hearing, and on this appeal, the insurer contended that the claim for compensation was barred by failure to give notice within the time prescribed by G. L. (Ter. Ed.) c. 152, § 41. The single member found that the insurer was not prejudiced by reason of such failure because the employer had knowledge of the deceased's condition; that the witnesses were within the employer's knowledge and employ; and that the employee had competent medical attendance from the date of the injury until his death. Section 44 of this statute provides in part that "Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice." The finding of the employer's knowledge of the employee's condition if taken literally would not constitute a ground for the conclusion that the insurer was not prejudiced. *Kangas's Case*, 282 Mass. 155. If taken to mean that the employer had knowledge of the injury in this case it would constitute enough of itself to dispense with the statutory requirement of notice. G. L. (Ter. Ed.) c. 152, § 44. *Dorney's Case*, 259 Mass. 350, 354. Thus construed, however, the finding of knowledge on the part of the employer was not warranted. The burden of proof on this issue is upon the claimant to show that "the insurer, insured or agent" had knowledge of the injury. *Kangas's Case*, 282 Mass. 155. See *Ginley's Case*, 244 Mass. 346, 348. The evidence showed only that two of

the employee's fellow workers, Vancott and Lang, saw him looking ill after he had been at work clearing away the snow. There was no indication at that time as to whether the illness was caused by his work or by a recurrence of the ailments with which he was previously afflicted. Later, when Lang visited him at his home, the employee stated that "the snow shoveling was too tough" for him. There was no evidence, however, that either Vancott or Lang occupied such a position that his knowledge could be found to be that of the insured. *Walkden's Case*, 237 Mass. 115, 117, 118. The station supervisor testified that he was not present on December 12, 1932, and that he never knew that Hatch was or claimed to be injured at his work. He further testified that he visited Hatch during his sickness but never received any information which would charge him or the insured with knowledge. The claimant, therefore, must rest her case upon the ground that the insurer was not prejudiced by failure to receive notice of the injury. As to this question the burden of proof was upon the claimant. *Johnson's Case*, 279 Mass. 481, 485. *Gaffer's Case*, 279 Mass. 566, 568. Although this burden of proof could be sustained by warrantable inferences from the circumstances, without evidence specifically directed to disproving particular forms of prejudice, it cannot be supported by surmise or conjecture. *Sponatski's Case*, 220 Mass. 526, 528. *Kangas's Case*, 282 Mass. 155, 158, 159. There was no evidence to rebut the natural inference that the absence of notice might well have prejudiced the insurer by preventing an investigation of the applicability of the workmen's compensation act. No notice was received until about a year after the alleged injury, and several months after the employee died. At that time the insurer was unable to discover facts which might have been much more favorable to its defence, and which a prompt investigation might well have disclosed. There was evidence that the illness of the employee was not caused by his work, and further evidence that he had recovered from the injury which he received on December 12, 1932. The death certificate prepared by the attending physician did not indi-

cate any connection between the death and the employee's work. The delay in making claim for compensation until after the employee's death prevented the insurer from having a seasonable opportunity to investigate fully the circumstances which surrounded the injury and death of the employee. There was no evidence from which an inference properly could be drawn that the insurer was not prejudiced by its failure to receive the notice which the statute requires shall be given. It follows that the claimant, having failed to sustain the burden of proof on this essential part of her case, is not entitled to compensation under the act. *Kangas's Case,* 282 Mass. 155, 158, 159. *Booth's Case,* 289 Mass. 322. In view of the conclusion reached upon this question, it is not necessary to determine whether the employee sustained a personal injury arising out of and in the course of his employment, which incapacitated him from work and eventually caused his death.

It follows that the decree of the Superior Court dismissing the claim must be affirmed.

*So ordered.*