LEROY A. RUSSELL's (dependent's) CASE.

Franklin.    September 18, 1956. — November 15, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Workmen's Compensation Act*, Notice, Filing of claim.    *Evidence*, Presumptions and burden of proof.

In a workmen's compensation case wherein the Industrial Accident Board based an award of dependency compensation to the employee's widow on findings that the employee sustained a personal injury consisting of a heart attack brought on by overexertion in his work which aggravated a preëxisting condition of heart trouble suffered by him for a considerable time and that such injury caused his death occurring about five months later, an inference that the employer, a self insurer, who first learned of the alleged injury when the widow filed her claim almost ten months after the employee's death, was not prejudiced by want of statutory notice of the alleged injury or by the delay in filing the claim was not justified since a prompt investigation might have revealed that the employee's preëxisting condition was not aggravated by overexertion and that his death was due to that condition rather than to the alleged injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Lurie*, J.

*John R. Dolan*, (*Francis E. Dolan, Jr.*, with him,) for the claimant.

*Felix J. Cerrato*, for the self insurer.

SPALDING, J.    The claimant, who is the widow of an employee of the self insurer (town of Greenfield), seeks dependency compensation for the death of her husband, alleged to have resulted from an injury arising out of and in the course of his employment.

It appears that the deceased entered the employ of the self insurer as janitor of the Veterans Memorial Field House sometime before the fall of 1950.  The findings of the single

member include the following. The deceased suffered a heart attack in November, 1950. In October, 1952, he suffered another heart attack which occurred in these circumstances. On October 29, 1952, the deceased, in the course of his employment, crawled on his hands and knees under a building in order to reach some pipes and shut off the water. In so doing he was compelled to assume an exceedingly awkward position and overexerted himself. As a consequence he had difficulty in breathing, suffered pain in his chest, and had pain and numbness in both arms. He was able to extricate himself only with the assistance of another person. At the time this occurred the deceased had a "preëxisting arteriosclerotic condition with hypertension and a developing chronic myocardosis." The single member found that the deceased "received a personal injury arising out of and in the course of his employment on October 29, 1952, as a result of overexertion which aggravated his preëxisting heart condition and hastened his death," and that he was totally incapacitated from October 29, 1952, until his death on March 21, 1953. Death, he found, resulted from the injury. The single member further found that the self insurer was "not prejudiced in respect to the issues of notice and claim." The claimant was awarded dependency compensation at the rate of $20 weekly from October 29, 1952, subject to the provisions of the act, and the self insurer was ordered to pay the sum of $500 into the State treasury pursuant to the provisions of G. L. (Ter. Ed.) c. 152, § 65N, inserted by St. 1945, c. 623, § 3, and as amended by St. 1949, c. 689. The reviewing board affirmed and adopted the decision of the single member.

On appeal to the Superior Court by the self insurer a decree was entered that the finding of the reviewing board that the self insurer "was not prejudiced in respect to the issue of notice and claim is not warranted on all the evidence . . . and that . . . the claim [be] dismissed." The claimant appealed.

The sole question presented is whether the findings of the board on the issue of prejudice were warranted. We are of

opinion that they were not, and that the decree below was right.

Under G. L. (Ter. Ed.) c. 152, § 41, "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury has been made within six months after its occurrence, or, in case of the death of the employee . . . within six months after death." Section 44 provides that "Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice." And by § 49 it is provided that "Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter . . . if it is found that the insurer was not prejudiced by the delay."

As stated above, the injury which is the basis of the present claim was sustained on October 29, 1952. No notice of the injury was given to the self insurer during the deceased's lifetime. And the claimant does not contend that the self insurer had any knowledge of the injury. In any event there was no evidence that would support such a finding. The first notice of the injury that the self insurer had was the filing of the present claim by his widow on January 12, 1954, almost ten months after her husband's death and considerably more than a year from the time of his injury. Thus there was a failure to give notice required by § 41 "as soon as practicable" after the happening of the injury and also a failure to file a claim within six months after death as required by that section. This was fatal unless it can be said, as the board found, that the self insurer was not prejudiced thereby.

The burden of proving lack of prejudice with respect to both the failure to give notice and the delay in presenting the claim was on the claimant. *Kangas's Case,* 282 Mass. 155, 158. *McGowan's Case,* 288 Mass. 441, 444. *Booth's Case,* 289 Mass. 322, 325. Since this burden requires proof

of a negative — a difficult and often impossible burden to sustain — it has been held that the claimant is not required " 'to exhaust the possibilities of prejudice and displace them. . . .' " *Kangas's Case,* 282 Mass. 155, 158. The circumstances, without evidence directed to disproving particular forms of prejudice, may of themselves warrant an inference by the board of want of prejudice. But there is no presumption requiring such inference in the absence of affirmative evidence of prejudice. Or, stated differently, the claimant's burden is not sustained by surmise or conjecture. *Kangas's Case, supra. Hatch's Case,* 290 Mass. 259, 262.

One of the most common instances of prejudice is the inability of the insurer to procure evidence at a time remote from the injury. However, if the facts are so clear that prompt notice and investigation could not have unearthed anything more favorable to the insurer, prejudice by delaying or hampering investigation is negatived. But "caution must be used in applying this rule, for it is often hard to say, long after the event, that a prompt investigation would not have revealed anything of value." *Kangas's Case,* 282 Mass. 155, 159.

In the present case it cannot be said that the natural inference from the testimony is that no prejudice resulted to the self insurer from the failure to give notice and the delay in filing the claim. It is to be noted that the deceased was suffering from a heart ailment for a considerable time before the alleged injury on October 29, 1952. And it is also to be noted that the board found that this condition was aggravated by the overexertion and that this aggravation was the cause of his death almost five months later. This was a case, then, where a speedy investigation was particularly important in order to determine the reality and effect of the alleged injury, for conceivably such an investigation might have revealed that the employee's preëxisting condition was not aggravated by the overexertion and that his subsequent death was due to that condition rather than the alleged injury. From a careful examination of the evidence we are of opinion that it affords no basis for a finding of want of

prejudice. *Kangas's Case,* 282 Mass. 155. *Booth's Case,* 289 Mass. 322. In the cases relied on by the claimant there were factors — not present here — which would warrant a finding of no prejudice.[1]

*Decree affirmed.*

<hr>

[1] *Sullivan's Case,* 241 Mass. 36. *Wnukowski's Case,* 296 Mass. 63. *Watson's Case,* 322 Mass. 581. *Tassone's Case,* 330 Mass. 545. *Charron's Case,* 331 Mass. 519.