■ In the Matter of the Claim of ANNA ZRAUNIG, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board, filed April 26, 1968. Claimant asserts that she sustained a back injury caused by an unwitnessed fall while at work on October 10, 1963. She visited a doctor that afternoon. She continued to receive medical attention, finally being hospitalized and operated on for a herniated disc. The employer was never notified until just prior to her operation, almost five months after the fall. Section 18 of the Workmen's Compensation Law provides that notice of an accident must be given within 30 days of its occurrence, but that the failure to give timely notice may be excused by the board on the ground the employer had knowledge of the accident or that there is no prejudice to the employer from this failure. The board excused her failure to file and on appeal (27 A D 2d 610) this court reversed and remitted the matter to the board for further proceedings, stating the well-settled rule that " ' The mere naked opinion of the board that the employer had "not been prejudiced", in the language of the section, by the failure to give notice is not sufficient ' ", citing *Matter of Goldin* v. *Schneck & Bros.* (2 A D 2d 641) and *Matter of Buchanan* y. *Deposit Cent. School* (7 A D 2d 683, 684). After another hearing, the board again excused the failure to give proper notice on the ground that she did not realize the seriousness or importance of the injury and when hospitalized did give prompt notice. The board further found that claimant received prompt and adequate medical attention and the employer was not prejudiced as this was an unwitnessed accident and therefore an early investigation would have been of no benefit. Because of the late notice it is obvious that the employer could not undertake a timely investigation as to the facts and circumstances surrounding the happening of the accident. The reason for enacting a notice statute is to afford the party to be charged with the consequences of the accident the opportunity to properly and promptly investigate the occurrence, and ascertain the extent and nature of the resultant injury (*Matter of Bloomfield* v. *November,* 219 N. Y. 374; *Matter of Goldin* v. *Schneck & Bros., supra*). An unwitnessed fall would seem to require rather than excuse notice if possible prejudice is to be avoided (*Matter of Hynes* v. *Pullman Co.,* 223 N. Y. 342). The burden of showing that the delay has not been prejudicial is on the claimant (*Matter of Smith* v. *Nash Motor Corp.,* 233 App. Div. 296) and there is nothing in the record before us to indicate that this is not the specific situation envisioned by section 18. Likewise, the board's determination that claimant did not realize the seriousness of her injury, a valid reason for excusing giving proper notice, is not borne out by the record here. She sought medical attention for her back injury the same day and was treated by several physicians thereafter for the same condition. In spite of this she neglected to give the notice required and even ignored her doctor's suggestion that her injury be reported as a compensation case and

treated as such. Regardless of the motives for her failure to claim compensation, claimant certainly was aware of the seriousness of her trouble as evidenced by her record of medical treatment and the fact that she did not envison surgery is insufficient to support a finding that she did not realize the importance of her injury. Decision reversed, and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by·Aulisi, J.