## WILLIAM A. MEAGHER'S CASE.

Suffolk.    November 5, 1935. — January 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act*, Filing of claim, Notice.

Proceedings under the workmen's compensation act were barred by failure to file a claim within the time specified in G. L. (Ter. Ed.) c. 152, § 41, and to give notice as required by that section, if the claimant did not prove the facts upon which he was entitled under §§ 44, 49, to maintain the proceedings notwithstanding such failure.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

From a decree entered by order of *Sisk*, J., in accordance with the decision of the board, the insurer appealed.

*G. Gleason*, (*W. G. Reed* with him,) for the insurer.

*W. E. Kane*, for the claimant.

PIERCE, J. This is an appeal by the insurer from a decree of the Superior Court ordering payment of compensation to William A. Meagher for incapacity resulting from an injury arising out of and in the course of his employment "by the Winchester Brick Company." G. L. (Ter. Ed.) c. 152.

On the evidence reported by the single member the following facts could have been found: On July 27, 1932, the day of the accident to the claimant, the Winchester Brick Company, hereinafter called the subscriber, was engaged in the manufacture of bricks in Winchester. It did not own any trucks but hired them in case it wanted bricks hauled. In June, 1931, the subscriber entered into a contract with the N. P. Severin Company for bricks to be used at the United States Post Office and Court House being erected by the N. P. Severin Company in Boston. The single member found that the delivery of the bricks "was a part of the trade . . . and provision was made in all the sales by the company for such delivery." The office of the N. P. Severin Company was at Post Office Square, Boston. The subscriber made arrangements with the Montvale Trucking Company for that company to deliver the bricks sold to the N. P. Severin Company at the said Post Office Building. The subscriber paid the trucking company an amount "per thousand brick, delivered to the job." The trucking company owned several trucks and did work not only for the subscriber but for various other concerns. The agreement with the subscriber was that the trucking company would send as many trucks as were ordered and the subscriber would take charge of them and send them to any destination it wished. The claimant and the insurer contend that the

trucking company was doing trucking as an independent contractor for the subscriber.

William A. Meagher was a chauffeur employed by the trucking company. While so engaged on July 27, 1932, the truck which he operated was loaded with bricks at the subscriber's plant and was driven by him to the Boston Post Office, where he dumped the bricks. Before leaving the yard of the subscriber Meagher went to the office and there signed a slip. This slip was then given to him by the superintendent of the subscriber, one Spellman; it was a direction for him "to take the load to the Boston Post Office, N. P. Severin Company." After Meagher had dumped the bricks as directed in the slip, he went by a flight of stairs to the office of the N. P. Severin Company to have the slip signed. After the slip had been signed he started down the stairs with the slip to return to his truck and fell, receiving injuries to his arm. The evidence warranted a finding that it was customary for the driver who signed the slip to return it when receipted to the office of the subscriber.

The Montvale Trucking Company was not an insured person under the provisions of G. L. (Ter. Ed.) c. 152. On June 15, 1933, Meagher filed a claim for compensation, naming the Winchester Brick Company as employer. The single member found that the claimant was employed by the Montvale Trucking Company, which was uninsured; that the Winchester Brick Company was insured; that delivery of bricks was a part of the business carried on by the subscriber; that the claimant received an injury arising out of and in the course of his employment; that the insurer was not prejudiced by any failure to give notice; that the claimant filed a claim in accordance with the provisions of the act and was entitled to payment of compensation from the insurer of the subscriber under § 18 of G. L. (Ter. Ed.) c. 152. The reviewing board amplified the record to some extent, and as amplified affirmed and adopted the findings of the single member. The Superior Court recommitted the case to the Industrial Accident Board for further evidence and findings as to whether the

transportation or delivery of bricks was a part of the trade or business of the subscriber or was merely ancillary and incidental thereto. At the hearing on recommittal the correspondence between the subscriber and the N. P. Severin Company relating to the sale of bricks was introduced in evidence. One Gallagher, the then superintendent of the subscriber, testified in substance that the company did not own any trucks; that sometimes it would hire trucking companies to deliver the bricks to the buyer, sometimes the buyers would get the bricks themselves at the premises of the subscriber, and sometimes the bricks were loaded onto railroad cars at the premises of the subscriber; that at that time the subscriber believed it was cheaper to hire a truck than to own it, but it was not making money by delivering the bricks through the Montvale Trucking Company. The single member found that the delivery was a part of the trade or business carried on by the subscriber and ordered the insurer to pay compensation. The reviewing board affirmed and adopted this finding. The insurer presented certified copies of the finding and decision of the Industrial Accident Board to the Superior Court, and after a hearing before that court a decree was entered that William A. Meagher received a personal injury arising out of and in the course of his employment "by the Winchester Brick Company" and that compensation be paid to him. From this decree the insurer appealed.

The insurer contends that "Claim for compensation was not made within six months after the occurrence of the injury, and it was not found, nor could it have been found, that failure so to make claim was occasioned by mistake or other reasonable cause, or that the insurer was not prejudiced by the delay." The injury occurred on July 27, 1932. Claim for compensation was filed on June 15, 1933. G. L. (Ter. Ed.) c. 152, § 41, reads in part: "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury has been made within six months after its occurrence

. . . or in the event of his physical or mental incapacity, within six months after . . . the removal of such incapacity . . . ." Section 49 provides: "A claim for compensation shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, cause or nature of the injury unless it is shown that it was the intention to mislead and that the insurer was in fact misled thereby. Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay." The record contains no evidence upon this issue, no reason or excuse for the failure to make claim within six months is given nor is there any evidence whether the insurer was prejudiced by the delay. No finding was made by the single member or by the board that the failure to make claim within the time fixed was due to "physical or mental incapacity" or was occasioned by "mistake or other reasonable cause," or that "the insurer was not prejudiced by the delay." The burden of proof is on the claimant to prove that the failure to make claim within the time fixed by § 41 was occasioned by mistake or other reasonable cause or that the insurer was not prejudiced by the delay. *Booth's Case*, 289 Mass. 322.

A further contention is that the "insurer was prejudiced by want of notice." The finding of the single member, adopted by the board, that "the insurer was not prejudiced by any failure to give notice," was not a finding that any written notice stating the time, place and cause of the injury was given the insured as soon as practicable after the happening of the accident. Nor was it a finding that the oral communication by a truck driver of another company to the subscriber that Meagher had received an injury, imported that the subscriber had knowledge of the injury. G. L. (Ter. Ed.) c. 152, § 44. *Murphy's Case*, 226 Mass. 60. "Want of notice . . . may prejudice an insurer by preventing an investigation of the applicability of the workmen's compensation act, and of the nature and extent of any injury, while the witnesses are still available with

memories unfaded and minds uncolored by partisanship." *Kangas's Case*, 282 Mass. 155, 158. The burden of proof is on the claimant to show that the insurer was not prejudiced by want of the notice prescribed by the statute. G. L. (Ter. Ed.) c. 152, §§ 41, 42, 44. *Kangas's Case*, 282 Mass. 155. *Murphy's Case*, 226 Mass. 60. *McGowan's Case*, 288 Mass. 441. *Booth's Case*, 289 Mass. 322.

Since these considerations are decisive in favor of the insurer, it becomes unnecessary to consider the other points argued. It results that the decree of the Superior Court is reversed and a decree is to be entered for the insurer.

*So ordered.*