SALVATORE GIANFRIDDO'S CASE.

Suffolk. March 6, 1946. — May 14, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

Evidence in a workmen's compensation case warranted findings that the employee, a bench molder whose work was "heavy," while lifting iron flasks in the course of his work suffered a back sprain which was an incapacitating injury arising out of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

A decree awarding compensation was entered by order of *Broadhurst,* J.

*E. H. Potter,* for the insurer.

*J. A. Aspero,* for the claimant, submitted a brief.

SPALDING, J. From a decree of the Superior Court adjudging that Salvatore Gianfriddo was totally incapacitated for work as a result of an injury arising out of and in the course of his employment and ordering payment of compensation, the insurer appealed.

The single member found that upon all the evidence the employee had failed to show by a preponderance of the credible evidence that he sustained an injury arising out of and in the course of his employment. The reviewing board found that "on May 31, 1944, the employee, while in the course of his work as a bench molder, which involved in part the lifting of heavy articles on the morning of that day, sustained a sprain of his back which was superimposed on an underlying condition of arthritis plus a weak lumbo sacral angle; [and] that this was a personal injury that arose out of his employment and has caused him to be incapacitated for work ever since." The board reversed the

decision of the single member and ordered the payment of compensation.

The decision of the board is to stand unless it is unsupported by the evidence, including all rational inferences that the testimony permitted. The essential facts need not necessarily be proved by direct evidence but may be established by reasonable inferences drawn from facts shown to exist. *Rich's Case*, 301 Mass. 545, 547. *Sawyer's Case*, 315 Mass. 75, 76. *Griffin's Case*, 318 Mass. 282, 284.

The insurer contends that the evidence would not warrant the finding that the employee's disability resulted from an injury arising out of and in the course of his employment. There was evidence of the following facts: The employee had worked as a bench molder for the Fremont Casting Company for five or six years prior to May 31, 1944, the date of the alleged injury. His work was described as "heavy." On May 31, 1944, after handling some iron flasks he "felt so badly he started to cry and had to leave everything." His back felt "like somebody stick a knife in it." The employee called as his witness one Dr. Mulhern who had examined him on August 29, 1944. His report of the examination, which was introduced in evidence without objection, under the heading "History" stated "Lifting heavy casting — 150 to 200 lbs., May 31, 1944 strained his back. Had to quit work." The diagnosis was "Old lumbo-sacral strain superimposed upon and aggravating a previously existing chronic proliferative arthritis with a weak lumbo-sacral angle." Dr. Mulhern testified that his diagnosis was based on the assumption that the employee strained his back in lifting a one hundred fifty to two hundred pound weight on the morning of May 31, 1944, and that if that is not a fact it "takes the prop out from under" his diagnosis. He was of the opinion that the employee was still unable to perform the kind of work he was doing at the time he was injured.

The only support for a finding that the employee was lifting a weight of one hundred fifty to two hundred pounds on May 31, 1944, is the statement mentioned above under the heading "History" appearing in Dr. Mulhern's report. The

insurer, relying on *Perangelo's Case*, 277 Mass. 59, 64–65, argues that this cannot be treated as affirmative evidence of that fact and that without it the medical testimony on which the board's findings were based was of no value. But we need not decide this because we think that there was other evidence from which the board could infer that the employee on May 31, 1944, while engaged in lifting heavy objects suffered a back sprain. The employee's work was described as "heavy," and there was evidence that on May 31 he was handling iron flasks shortly before he complained of the pain in his back. We cannot say in view of this that the assumption on which Dr. Mulhern's opinion was based was unsupported by evidence.

*Decree affirmed.*