ANTHONY F. OGONOWSKY'S CASE.

Suffolk. November 7, 1958. — February 3, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Notice, Filing of claim, Findings by Industrial Accident Board, Costs. *Proximate Cause*. *Evidence*, Opinion: expert.

Conflicting evidence in a workmen's compensation case warranted a finding by the Industrial Accident Board that the employee sustained an injury to his shoulder in an accident during the course of his employment and that such injury caused an incapacity for which he made claim four and one half years later. [469–470]

An opinion of a physician in a workmen's compensation case that incapacity of the claimant was caused by an injury remained some evidence on the question of causation notwithstanding cross-examination which might have affected the weight to be given to his opinion but did not show that it must be rejected as mere conjecture. [470]

In a workmen's compensation case involving an employee of an insured company who did not file his claim for compensation until four and one half years after his injury, evidence warranted findings that the insured had knowledge of the injury within G. L. c. 152, § 44, through the company nurse who treated the employee immediately thereafter, the company physician, and the doctor of the insurer, that there was no loss of opportunity to secure evidence or to give treatment, and that the insurer within § 49 was not prejudiced by the late filing of the claim. [471]

The final decree in a workmen's compensation case was not to be reversed merely because of contradictions and confusion in the testimony of the claimant and immaterial errors in the findings of the Industrial Accident Board where its findings were supported by evidence and its record was sufficient to permit a judicial determination whether correct rules of law had been applied. [472]

The claimant in a workmen's compensation case prevailed within G. L. c. 152, § 11A, upon a certification to the Superior Court by the insurer where he ultimately secured a final decree in his favor, although the decree was preceded by two recommittals of the case to the Industrial Accident Board at the instance of the insurer. [473]

On appeal from a final decree of the Superior Court favorable to the claimant in a workmen's compensation case certified to it by the insurer, an amount awarded to the claimant in the decree under G. L. c. 152, § 11A, for four court appearances of his counsel, preparation by his counsel of a brief and memorandum of facts, and for other expenses resulting from the certification could not be pronounced improper, even though on two occasions before the court the case was recommitted to the Industrial Accident Board at the insurer's instance. [473]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The insurer appealed from a final decree entered by *Rome*, J.

*James C. Gahan, Jr.*, for the insurer.

*Edward B. Cass*, for the claimant.

WHITTEMORE, J. This is an insurer's appeal from a decree of the Superior Court under G. L. c. 152, § 11, which, in accordance with a decision of a reviewing board, ordered compensation to the claimant, a former employee of the insured American Sugar Refining Company.

1. There was evidence to support the findings that the claimant's left shoulder was injured on August 15, 1949, in the course of his employment, and that the disability for

which claim was made on February 25, 1954, was causally related to that injury.

The claimant testified to the accident. There was evidence that he had been treated on August 16 and thereafter for an injury which he ascribed to an accident on August 15 and which could reasonably be found to be related to it, if it occurred.

A private physician who, on August 23, 1949, treated the claimant for the claimed injury, and who saw him in July and September, 1952, testified that in his opinion the condition he found in 1949 was causally related to the injury. In September, 1952, the physician found the claimant, as he testified, "in the same condition as he was when . . . [he] saw him shortly after the accident." Another physician, Dr. Norton, examined the claimant on November 30, 1953, and January 4, 1954, and had seen X-rays or reports of X-ray examinations of November 30, 1953, and February 14, 1955. He testified that there was a causal relation between the injury and the aggravation of underlying arthritis. The employer's physician who saw the claimant a number of times testified that in his opinion the hurt to the employee's shoulder related to his work when it occurred, but that the 1954 condition was not related. The report of another physician, in evidence, stated that he found conditions consistent with traumatic arthritis, probably secondary to an old injury, but that he saw no connection to the alleged accident of 1949.

It is unnecessary, we think, to set out the cross-examination of Dr. Norton on which the insurer relies to establish that his opinion must be rejected as mere conjecture. It went no farther than to affect the weight to be given to his conclusion. Dr. Norton's opinion remained some evidence to support the conclusion of causal connection. *Josi's Case,* 324 Mass. 415, 416. See *Cooper's Case,* 271 Mass. 38, 40; *Clifford's Case,* 337 Mass. 129, 132. See also *Gianfriddo's Case,* 319 Mass. 566, 567–568. Compare *Green's Case,* 266 Mass. 355; *Ruschetti's Case,* 299 Mass. 426; *Sevigny's Case,* 337 Mass. 747.

2. It cannot be ruled that the claimant failed to sustain the burden of proof that the insured had knowledge of the injury and that the insurer was not prejudiced by the delay in making claim (G. L. c. 152, §§ 44, 49). There was evidence that the employee was treated by the company nurse immediately after the accident; that he wore, for some time, the scarf or sling which she provided, and was treated at the clinic daily in that period; that he was seen by the company physician, for the condition complained of, on August 16, 24, and 27, 1949, October 31, 1951, and in July, September, and October, 1952; and that the physician knew that the claimant went to the Carney Hospital in September, 1952, where he "had X-rays and studies." He also saw the claimant in December, 1952, and January, 1953, when the employee did not complain of the left shoulder. The claimant testified that he saw the insurance company doctor during the first period of treatment. There was evidence that the claimant remained employed until he went to the Carney Hospital, doing light work, but "on the sick list" in the latter part of his service. It could have been found that there was no loss of opportunity to get evidence or to give prompt treatment. The case stands with those where findings of want of prejudice have been sustained. *Gerald's Case,* 247 Mass. 229, 232. *Johnson's Case,* 279 Mass. 481, 485. *Watson's Case,* 322 Mass. 581, 584–585. *Berthiaume's Case,* 328 Mass. 186, 191. *Channell's Case,* 337 Mass. 124, 127–128. *Mahoney's Case,* 337 Mass. 629, 632–633. Compare *Kangas's Case,* 282 Mass. 155, 158; *Hatch's Case,* 290 Mass. 259; *Russell's Case,* 334 Mass. 680.

3. The significance of the evidence to support the findings is not extinguished by other evidence or findings. We need not pause on the point that the single member incorrectly stated that the claimant's account of the accident was confirmed by the insurer's own witnesses. The Superior Court recommitted the case on this objection, and specification was made as ordered by the court. However weak, or lacking, the evidence of corroboration by others, there was the claimant's direct testimony, and the single member on re-

committal made a statement which was adopted by the reviewing board that "there was sufficient evidence independent of . . . [the] testimony [of other witnesses] on this issue which I feel warranted my finding." Failure of the single member to specify "other evidence" in addition to the doctor's testimony which he stated led to his conclusion of "due and expeditious notice" is immaterial. Error in the decision is not established by showing that the finding as to the length of time the claimant's arm was in a sling is unsupported in the evidence. It was for the single member and the reviewing board and not for the court to be concerned with contradictions and confusion in the claimant's testimony, and with the significance of a fall sustained by the claimant in his home shortly before the accident, and of the claim made by the claimant on September 26, 1952, for benefits under a group policy covering nonoccupational benefits, by signature to a form which carried the printed statement that the claim was "on account of total disability which is in no way connected with or due to my employment." The finding that the disability was "at least in major part" causally related to the injury was, impliedly at least, a finding that the fall at home was not a major cause of the disability.

There is nothing in the contention that the several errors which the insurer has specified, with the confused testimony, taken together, require reversal. It is well established that the findings are not to be set aside if there is any supporting evidence, including all rational inferences. *Pigeon's Case*, 216 Mass. 51, 52. *Gianfriddo's Case*, 319 Mass. 566, 567. *Mahoney's Case*, 337 Mass. 629, 631. There was no obscurity as to the application of the correct rule of law. There were sufficient findings to permit judicial review of the questions of law involved. Compare *MacFarlane's Case*, 330 Mass. 573.

4. The statute, G. L. c. 152, § 11A, provides that "If the certification or appeal to the superior court . . . is by the insurer, and the claimant prevails, the superior court . . . and, on further appeal, the single justice, or full bench, shall

allow the claimant, in addition to the award in the decree, an amount sufficient to relieve the employee of the reasonable cost of attorney's fees, briefs and other necessary expenses that result from the certification or appeal." The final decree awards $850 "for four appearances before this court, one on answering the list and three upon arguments, preparation of brief for oral argument and memorandum of facts for lobby conference . . . and other expenses resulting from the certification to this court." The insurer objects that the claimant did not prevail on two occasions because of two recommittals. We think the statute refers to the final outcome of the certification. The Superior Court and this court should take into consideration, in allowing counsel fees, all the proceedings, including the circumstances, if any, which may indicate the propriety of making no or slight allowance for counsel fees for a court appearance which resulted in recommittal at the insurer's initiative. We cannot say, however, that it was error to allow something for the four appearances or that the total amount was not properly determined. See *Brek's Case*, 335 Mass. 144, 146, 149.

5. The decree is affirmed. Costs of the appeal are to be determined by the single justice.

*So ordered.*