MAX FISHER'S (dependent's) CASE. November 1, 1963. Decree affirmed. The board found that M & S Realty Trust, the insured under a policy covering the period from September 21, 1956, to September 21, 1957, was the owner of a building and cotenant of the basement with Fisher Shoe Company, the employer. On July 10, 1957, the employee, who was a trustee of M & S Realty Trust, was found by his son stabbed to death in the basement. There was no evidence of larceny and the crime is unsolved. The insurer's first notice of the death was a claim filed by the employee's son and administrator of his estate on October 28, 1958. The instant claim was filed by the widow on March 10, 1959. The board concluded that (a) the late claim was not due to mistake or other reasonable cause; (b) there was prejudice to the insurer; (c) the injury did not arise out of and in the course of the deceased's employment; (d) the presumption of G. L. c. 152, § 7A, was rebutted by all of the evidence; and (e) the

insurer was not on the risk at the date of death. The decree properly dismissed the claim. Apart from other defences, where, as here, the insurer had no reason or opportunity to investigate for fifteen months, there was a substantial basis for a finding of prejudice to the insurer. Consequently, the proceedings were barred since the claimant failed to show that the provision in G. L. c. 152, § 49, limiting the effect of § 41, applied. *Kangas's Case,* 282 Mass. 155, 159. *Meagher's Case,* 293 Mass. 304, 308. *Zabec's Case,* 302 Mass. 465, 468–469. *Tassone's Case,* 330 Mass. 545, 548. *Russell's Case,* 334 Mass. 680, 682–683. *Lendall's Case,* 342 Mass. 642, 647.

*Alexander E. Finger (Jacob J. Tutun* with him) for the claimant.
*Walter I. Badger, Jr.,* for the insurer.