RANDALL J. GREEN'S CASE. No. 97-P-2323. February 12, 1999. *Limitations, Statute of. Workers' Compensation Act,* Double compensation.

This is an appeal from the judgment of a single justice affirming a decision of the Industrial Accident Board (board).

The issue presented for review arises out of the timeliness of Green's claim for double compensation as a result of his employer's alleged wilful misconduct in connection with Green's August 3, 1990, fall into an elevator shaft. See G. L. c. 152, § 28. The employer's workers' compensation insurer, Wausau Insurance Co. (Wausau), accepted Green's case and paid total incapacity benefits. On December 23, 1994, Green successfully settled a tort suit against a third-party contractor and subcontractors at the construction site for $1,500,000.

Green filed the claim at issue on February 21, 1995, more than four years following his accident. At conference, the employer and Wausau moved to dismiss Green's claim as time barred under G. L. c. 152, § 41 (four-year statute of limitations). An administrative judge agreed to bifurcate the hearings so that the question of the application of the statute of limitations would be resolved prior to a hearing on the merits of the § 28 claim.

The motion to dismiss was heard on a statement of agreed facts. The administrative judge ruled that Green's § 28 claim was timely filed because Wausau's payment of benefits tolled the four-year statute of limitations. The employer and Wausau appealed, and the board summarily affirmed the administrative judge's decision. The single justice also affirmed the decision of the board. This appeal followed.

General Laws c. 152, § 41, as revised in 1985 (St. 1985, c. 572, § 50), and as applicable to this 1990 injury, provides as follows:

> "No proceedings for compensation payable under this chapter shall be maintained . . . unless any claim for compensation due with respect to such injury is filed within four years from the date the employee first became aware of the causal relationship between his disability and his employment. . . .
>
> *"The payment of compensation for any injury pursuant to this chapter or the filing of a claim for compensation as provided in this chapter shall toll the statute of limitations for any benefits due pursuant to this chapter for such injury"* (emphasis supplied).

Green's § 28 claim is barred unless the four-year statute of limitations is tolled. The single justice wrote that the plain language of the statute controls and specifically provides that "payment of compensation" pursuant to c. 152 tolls the statute "for any benefits due." We agree.

*Thayer's Case*, 345 Mass. 36 (1962), upon which the insurer and the employer rely, is inapposite. That case involved an earlier version of § 41 which — unlike the present § 41 — contained no tolling provision for the payment of compensation, or the filing of a claim for compensation. *Thayer's Case* also involved a former version of § 49 of c. 152 (as in effect prior to St. 1985, c. 572, § 53) which set forth exculpatory provisions for late filed claims. First, the absence of prejudice to both the employer and the insurer. Second, in no event was a late filed claim to be barred if there had been an agreement to pay compensation or if compensation had been paid. The live issue in *Thayer* was prejudice. The court held that a late filed § 28 claim involved the rights of both the insurer and the employer, and attention must be paid to whether either of these parties was prejudiced by the delay in filing the claim. *Id.* at 44. The court concluded that neither the insurer nor the employer was prejudiced by the delay and affirmed the board's award of extra compensation to Thayer.

The version of § 49 (as amended through St. 1986, c. 662, § 37) applicable in this case *eliminates* these exculpatory provisions formerly appearing in that section. Further, the applicable version of § 41 *includes* the tolling provision which we set forth in the underlined second paragraph appearing in the text above regarding the payment of compensation or the agreement to make such payment. In this case — unlike the statutory framework in *Thayer* — prejudice is *not* a consideration in determining whether the tolling provisions of § 41 apply.

The insurer and the employer point out, correctly, that the *Thayer* court held that the payment of compensation to Thayer under § 26 "*does not of itself* entitle Thayer to file a claim for compensation under § 28" after the expiration of the then applicable six-month period of limitation (emphasis added). The insertion of the phrase "does not of itself" was made necessary by the further requirement in the then applicable version of § 49 regarding the absence of prejudice. The court said, 345 Mass. at 45, "[T]o excuse the late filing of a claim for extra compensation it must be shown that the delay prejudiced neither the insurer nor the employer." As we have said, prejudice is not a consideration in this case. Thus, *Thayer* does *not* respond to the question presented in this case: the effect of payment of compensation when the applicable tolling statute (§ 41) no longer requires the absence of prejudice, and includes a tolling provision conditioned only upon either the payment of compensation or the filing of a claim.

The insurer also argues that the "implications of allowing this Section 28 claim to proceed" could be serious because it would allow claims "for an accident which occurred 5, 10, or 20 years ago. . . ." We decline to speculate about the result of cases presenting materially different facts. This case involves a claim asserted approximately seven months after the expiration of the four-year period of limitation.

We agree with the single justice "that the board did not commit error of law in reading the statute to mean what it says: 'payment of compensation for any injury pursuant to this chapter . . . shall toll the statute of limitations for *any benefits due* pursuant to this chapter for such injury.' "

The judgment of the single justice is affirmed.

*So ordered.*

*Edward J. Musco* for the insurer.
*Joseph F. Agnelli, Jr.,* for the employer.
*John K. McGuire, Jr.,* for the claimant.