## JOSEPH BAKER'S CASE.

No. 00-P-1874.

Suffolk. April 12, 2002. - August 20, 2002.

Present: BECK, BERRY, & McHUGH, JJ.

*Limitations, Statute of. Workers' Compensation Act,* Injuries to which act ap-
plies, Subsequent injury. *Statute,* Construction.

This court concluded that the tolling provision of G. L. c. 152, § 41, which
extends the statute of limitations for the filing of a workers' compensation
claim if the insurer is paying workers' compensation benefits for an injury
(even if no claim has been filed), applies exclusively to the claim filing for
the particular injury for which the workers' compensation benefits are be-
ing paid; consequently, an employee's claim for benefits for a different
injury, filed beyond the four-year limitations period, was correctly
dismissed. [630-634]

APPEAL from a decision of the Industrial Accident Reviewing
Board.

*John F. McGrail* for Joseph Baker.

*James E. Ramsey* for Cigna Property & Casualty Insurance
Co.

BERRY, J. There is a four-year limitations period under G. L.
c. 152, § 41, that governs the filing of a workers' compensation
claim. There is also a tolling provision in § 41, which extends
the statute of limitations if the insurer is paying workers'
compensation benefits for the injury — even if no claim has
been filed. The question presented is whether the tolling provi-
sion of § 41 applies exclusively to the claim filing for the
particular injury for which the workers' compensation benefits
are being paid, or whether that provision may be read to extend
the time for filing a claim for a different injury. We hold that
the tolling provision of § 41 is limited to the injury for which
the payments are being made. Accordingly, in this case, the
plaintiff's workers' compensation claim for a different injury,

filed beyond the four-year limitations period, was correctly dismissed.

1. *Procedural and factual background.* The claim for workers' compensation benefits that underlies this appeal arose out of a back injury occurring on October 11, 1990. The plaintiff did not file a claim for this injury with Cigna Property & Casualty Insurance Co. (Cigna) until August 10, 1995. Cigna denied the claim for failure to file timely. Both at the time of this October, 1990, injury, and at the time the claim was filed with Cigna in August, 1995, Baker was receiving workers' compensation benefits from Liberty Mutual Insurance Co. (Liberty) for another back injury arising out of a different and earlier incident that occurred on March 3, 1989.[1] The prior Liberty claim, and the workers' compensation payments therefor, bear a short explanation to place in context the plaintiff's reliance on the Liberty payments as a basis for invoking the tolling provision for the Cigna claim, and to relate the time sequence for the compensation benefits paid by Liberty, which payments continued past the date of the second injury.

In connection with the March 3, 1989, back injury, an "employer's first report of injury" was filed with Liberty, then the insurer for Komtek Co. (Komtek), Baker's employer. Over the ensuing approximately nineteen months, Baker was sometimes able to work, but at other times he was out on disability leave. When Baker was out of work at Komtek, Liberty paid temporary total disability benefits under G. L. c. 152, § 34. This pattern continued to the fall of 1990. Then, on October 11, 1990, at a time when Baker was back at work, Baker experienced severe back pain while leaning over his machine. He left that day and did not return to work thereafter. On October 23, 1990, an "employer's supplemental report of injury" was filed with Liberty. This report listed a March 3, 1989, date of injury and indicated that Baker was disabled. Consistent with the date of injury cited in the report, Liberty assumed liability on the claim and treated the October 11, 1990, event as a recurrence of the March 3, 1989, back injury. Upon receipt of the report, and as in the past when Baker had been out of work due to this injury,

---

[1] The parties stipulated that the Liberty payments were all for the injury of March 3, 1989.

Liberty paid Baker § 34 temporary total disability payments
commencing on October 12, 1990. The § 34 payments by
Liberty continued until September 5, 1995, the date of exhaus-
tion for such benefits under G. L. c. 152, § 34.[2] In light of that
imminent exhaustion, in mid-1995 Baker filed a claim with
Liberty for additional benefits under § 34A for permanent total
disability benefits. However, rather than referencing the prior
March 3, 1989, injury, this filing listed the second, October 11,
1990, injury as a predicate. In response, Liberty denied cover-
age because it was no longer Komtek's insurer in October,
1990. On August 10, 1995, Baker filed a new claim against Ci-
gna, the successor insurer. As noted, Cigna denied coverage.
Following an appeal, the administrative judge dismissed the Ci-
gna claim as beyond the limitations period. This decision was
affirmed by the reviewing board of the Department of Industrial
Accidents.[3] Baker's appeal from the reviewing board's decision
was reported by the single justice to a full panel of this court.

2. *Analysis of tolling.* That part of the tolling provision of
§ 41 at issue states that "[t]he payment of compensation for
any injury pursuant to this chapter . . . shall toll the statute of
limitations for any benefits due pursuant to this chapter for such
injury." G. L. c. 152, § 41.[4] Baker isolates the words "payment
of compensation for *any injury*" and contends that the Liberty

---

[2]We note that Baker also received Social Security disability benefits. While
Cigna raised an issue of alleged duplication of payments, in light of the result
in this case, we need not address this contention.

[3]On August 10, 1995, Baker also filed another claim against Liberty for
benefits (beyond those exhausted under § 34) for the March 3, 1989, injury.
Ultimately, the Liberty claim was settled and the Department of Industrial Ac-
cidents approved a lump sum payment of $70,800 to Baker by Liberty.

[4]The limitations and tolling provisions in § 41 read more fully as follows:

"No proceedings for compensation payable under this chapter shall be
maintained unless a notice thereof shall have been given to the insurer
or insured as soon as practicable after the happening thereof, and unless
any claim for compensation due with respect to such injury is filed
within four years from the date the employee first became aware of the
causal relationship between his disability and his employment. In the
event of death, no claim shall be made later than four years after the
death. . . .

"The payment of compensation for any injury pursuant to this chapter
or the filing of a claim for compensation as provided in this chapter

payments, although attributable to the first, March 3, 1989, injury, were nonetheless payments for *an injury* under the workers' compensation chapter and thereby tolled the filing of the second claim against Cigna. Under this proffered construction, the § 41 tolling provision would not be limited to a particular injury, but rather would extend so far as to generally toll the filing requirement in any circumstance where a worker receives ongoing workers' compensations payments — even if for a different injury occurring on a different date. We believe that the definitional phrase "any injury" cannot be so read. That the phrase "any injury" is limited to the injury for which payments are being made, and that tolling applies only to that particular injury, is supported by both the text of § 41 and the broader context of the workers' compensation statute, chapter 152.

We turn first to statutory terms in § 41. In that section, the phrase "any injury" cannot be isolated from the accompanying context. Rather, the term "any injury" is linked to the ensuing term "such injury," that is, the particular one for which the workers' compensation payments are being made. Even if such a connective link somehow might have been expressed more directly in § 41, we are not to lose sight of the statutory purpose underlying § 41 in favor of grammatical perfection. "If a liberal, even if not literally exact, interpretation of certain words is necessary to accomplish the purpose indicated by the words as a whole, such interpretation is to be adopted rather than one which will defeat the purpose." *North Shore Realty Trust* v. *Commonwealth*, 434 Mass. 109, 112 (2001), quoting from *Champigny* v. *Commonwealth*, 422 Mass. 249, 251 (1996).

The terms in the tolling provision of § 41 must be viewed within the larger chapter 152 statutory framework. That framework reflects a calibrated balance between the notice and filing requirements that protect an insurer against surprise by the filing of indefensibly old claims, and, on the other side of the calculus, the tolling exceptions that protect an injured worker who may feel no need to pursue claim filing because the worker

shall toll the statute of limitations for any benefits due pursuant to this chapter for such injury."

G. L. c. 152, § 41, as amended by St. 1985, c. 572, § 50.

is receiving payments. Thus, the statute of limitations and the interconnected tolling provision in § 41 preserve the humanitarian nature and purpose of the workers' compensation law, see *Young* v. *Duncan*, 218 Mass. 346, 349 (1914); *CNA Ins. Cos.* v. *Sliski*, 433 Mass. 491, 493 (2001), while setting deadlines on claim filings so that an insurer will not be prejudiced by lack of notice of a claim brought forth beyond four years.[5] "[T]he protection afforded to the insurer by these statutory provisions for prompt notice and filing of claim should not be taken from the insurer lightly . . . ." *Clifford's Case*, 337 Mass. 129, 131 (1958). For a general discussion of the application of the workers' compensation limitations period, see *Green's Case*, 46 Mass. App. Ct. 910 (1999).

Given this balancing of interests between worker and insurer, § 41 is to be read "in accord with 'the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished.' " *Champigny* v. *Commonwealth*, 422 Mass. at 251, quoting from *Telesetsky* v. *Wight*, 395 Mass. 868, 872-873 (1985). To toll the limitations period in the circumstance of an injury for which an insurer is making ongoing payments is in accord with the balanced statutory purposes in § 41. That construction does not erode the protection afforded an insurer because, in making payments, the insurer presumptively has notice of the injury, has had a timely opportunity to investigate, and has elected to assume liability for the claim.[6] The construction also serves the humanitarian purpose of assisting the injured worker: by the ongoing pay-

---

[5]The workers' compensation limitations provision in § 41 furthers the general purpose of statutes of limitations, "preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared," *Order of Railroad Telegraphers* v. *Railway Express Agency, Inc.*, 321 U.S. 342, 348-349 (1944), and distortions in the proof of the historical facts." *Hoch* v. *Gavan*, 25 Mass. App. Ct. 550, 553 (1988).

[6]An insurer who questions its responsibility on a claim may make payments and reserve its rights. General Laws c. 152, § 8(1), allows an insurer to pay benefits without prejudice to its ability to contest the issue of liability. As in effect during this case, § 8(1) allowed for such reservation of rights for sixty days; an amendment in 1991 extended the reservation period to one hundred

ments, the worker is more quickly compensated for the subject injury and, should the insurer stop making payments, the worker is protected by the tolling provision. Thus, the linkage between tolling and the injury on which the payments are being made respects the dual interests of worker and insurer and is consistent with the balance set by the Legislature in § 41. In contrast, a virtually free-floating tolling provision, not tying the injury to the ongoing payments, is inconsistent with the statutory framework and purposes.

In addition, the construction adopted here is consistent with the legislative amendments in 1985 (see St. 1985, c. 572, §§ 50, 53) that extended the limitations period in § 41 from one year to four years. Again, those amendments reflected a balancing. In "exchange" for an extension in the limitations term for a worker to file a claim from one year to four years, the Legislature reduced the continuing liability of insurers by repealing the part of G. L. c. 152, § 49, that had provided an indefinite limitations extension based upon a demonstration of mistake, reasonable cause, or absence of prejudice to the insurer.[7] The construction the plaintiff proposes for § 41 would allow for the migration of time lines that this amendment sought to survey with definite boundaries.

Finally, limiting tolling to payments for the subject injury comports with the interpretation of the statute by the Depart-

eighty days. See St. 1991, c. 398, § 23. After this designated "without prejudice" period expires, there are stricter limitations on the ability of the insurer to withdraw from the claim. See G. L. c. 152, § 8(4). In this case, the administrative judge noted that Liberty's payment of compensation constituted an acceptance of liability. See the reasoning of the reviewing board in *Lincoln v. Fairside Trucking*, 8 Mass. Workers' Comp. Rep. 218 (1994) (where an insurer assumes liability for compensation on a resulting period of disability and voluntarily pays benefits beyond the "without prejudice" period provided in G. L. c. 152, § 15A, that insurer may bear the burden of proving the claim against the alleged proper insurer). Thus, where there are assumed payments by an insurer, these principles provide extra protection for the insured worker.

[7] In fact, it does not appear that the plaintiff would have satisfied the old equitable tolling exceptions. This is not a case of mistake or excusable neglect. The plaintiff was represented by counsel as early as October, 1990. Rather than any mistake, it appears that the plaintiff accepted, to the date of exhaustion, total temporary disability payments under § 34 based on the first injury. It was only at the end of the tunnel that the plaintiff sought to switch lanes by marking the second and different date of injury.

ment of Industrial Accidents and thus "accord[s] deference to [the] administrative interpretation of [the] statute." *Mugford's Case*, 45 Mass. App. Ct. 928, 930 (1998), quoting from *Massachusetts Org. of State Engrs. & Scientists* v. *Labor Relations Commn.*, 389 Mass. 920, 924 (1983). See *Murphy's Case*, 53 Mass. App. Ct. 708, 713 (2002).

*Decision of reviewing board affirmed.*